**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DILLON SIMS, individually and on behalf of
all others similarly situated,

                              Plaintiff,

v.

SYRACUSE HAULERS WASTE REMOVAL,
INC.,

                              Defendant.

_____

5:25-cv-1080
(ECC/MJK)

Carter T. Hastings, Esq., *for Plaintiff*
Katherine S. McClung, Esq., *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**ORDER**

As directed by the Court's May 6, 2026 Memorandum-Decision and Order granting in part Plaintiff Dillon Sims's motion for conditional certification of a collective under the Fair Labor Standards Act of 1938 (FLSA), Dkt. No. 58, the parties have submitted their proposed notices and consent forms to be sent to potential opt-in plaintiffs. Dkt. Nos. 61, 62. The Court resolves the parties' areas of disagreement as set forth below and approves the notice and consent attached to this Order for dissemination to members of the conditionally certified collective.

The Court has made three changes to the Notice of Collective Action Lawsuit (Notice), the content of which the parties agreed upon. *See* Dkt. Nos. 61-1, 62-1. First, the Court has changed the title of section 6 of the Notice from "You Cannot Fire You for Joining This Lawsuit" to "You Cannot Be Fired for Joining This Lawsuit." Second, the Court strikes the sentence "This percentage will be reduced by any award of attorneys' fees received from the Court" from the second to last paragraph of section 6. *See Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d

Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee arrangement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."). Third, the Court has changed the last sentence of section 7 to read: "You should not contact Syracuse Haulers or the Court to discuss this lawsuit." *See* Dkt. No. 62-2 at 5; *Davella v. Ellis Hospital, Inc.*, No. 20-cv-726 (MAD/MJK) (N.D.N.Y.), Dkt. Nos. 147-1 at 5, 148.

With respect to the Consent to Joint Wage Claim Against Syracuse Haulers (Consent), the parties dispute how to describe the scope of potential opt-in plaintiffs' claims. Because the "statutory language [of the FLSA] indicates that once a potential plaintiff opts in, that person is a party to the *action*, not just to a *claim*," *Fengler v. Crouse Health Sys., Inc.*, 634 F. Supp. 2d 257, 262-63 (N.D.N.Y. 2009), the Court rejects Defendant's request to describe the claim as an FLSA "claim of allegedly unpaid overtime worked during meal breaks" and will adopt Plaintiff's proposed "claims of unpaid wages" language instead.

Finally, Defendant objects to Plaintiff's request to include a paragraph on the Consent authorizing Plaintiff's attorneys to "re-file" the Consent "in a separate lawsuit or arbitration" if needed. Plaintiff argues that this provision is a "critical safeguard" to protect claims from expiring statutes of limitations if the collective is later decertified. Dkt. No. 62 at 2. Because it appears that such provisions are common in FLSA consent forms, and because Plaintiff's proposed language restricts the authorization to re-file to situations where this collective action "is decertified, if the case is dismissed in favor o[f] arbitration, or if the Parties agree to proceed to arbitration," Dkt. No. 62-1 at 5, the Court will approve Plaintiff's proposed language.

Accordingly, it is hereby

**ORDERED** that any objections to the Court's changes to the Notice must be filed by June 17, 2026; and it is further

**ORDERED** that if no objections are received by June 17, 2026, the Notice and Consent attached to this Order are approved for dissemination to potential collective members without further Order of this Court.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____
Elizabeth C. Coombe
U.S. District Judge